# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

LARRY MCDONALD, )
      Plaintiff, )
v. ) No. 4:10CV12 TIA
JOHN WILLIAMS, )
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the motion, the Court has determined that plaintiff is unable to pay the filing fee. As a result, the motion will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Plaintiff, a non-prisoner, brings this action for injunctive and monetary relief under 42 U.S.C. § 1983. At all times relevant to the complaint, plaintiff was incarcerated at the Missouri Eastern Correctional Center ("MECC"). Defendant John Williams is a doctor at MECC. Plaintiff alleges that during July 2009 he was playing handball at MECC and injured his knee. Plaintiff claims he saw defendant Williams and Williams told him that he had injured the structure of his knee and that he may need surgery. Plaintiff says that he continued to complain about pain to his knee to Williams but that Williams refused to send him to a proper specialist. Plaintiff alleges that he is now crippled in his knee because of the lack of treatment.

Plaintiff was no longer incarcerated at MECC when he filed his complaint. Plaintiff is currently a resident at Harbor House, a halfway house located in Springfield, Missouri.

Upon review of the allegations in the complaint, the Court finds that they survive initial review under 28 U.S.C. § 1915(e). However, plaintiff's request for injunctive relief against defendant Williams is moot because plaintiff is no longer incarcerated at MECC; therefore, plaintiff's claims for injunctive relief will be dismissed.

Finally, the Court notes that plaintiff failed to sign his complaint. "The court must strike an unsigned paper unless the omission is promptly corrected after being

called to the . . . party's attention." Fed. R. Civ. P. 11. As a result, the Court will order plaintiff to submit a signed copy of his complaint to the Court within twenty-eight days of the date of this Order. If plaintiff fails to comply with this directive, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.

**IT IS FURTHER ORDERED** that plaintiff's claims for injunctive relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall return the complaint to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall sign the complaint and return it to the Court within twenty-eight (28) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this case will be dismissed without prejudice.

Dated this  23rd  day of February, 2010.

                                       /s/ Terry I. Adelman
                                UNITED STATES MAGISTRATE JUDGE