UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY MCDONALD, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10CV00012 TIA |
| JOHN WILLIAMS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff brought this action under 42 U.S.C. § 1983, alleging that defendant, a physician, was deliberately indifferent to his medical needs after he injured his knee. Defendant has moved for summary judgment on the basis that he treated the injury appropriately. The Court finds for defendant, and the Court will grant the motion.

### Standard

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853, 863 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at

323.  Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion.  Board of Educ. v. Pico, 457 U.S. at 863.  Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in his pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 257 (1986) (citing Fed. R. Civ. P. 56(e)).  Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322-24.

In this case, plaintiff has not responded to defendant's motion for summary judgment.  When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact.  See Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir.1996).  Moreover, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 4.01(E).

Because plaintiff has failed to respond to the motion, the Court admits the facts as they are set forth by defendant in his properly supported statement of facts.

## Background

In his complaint, plaintiff alleged that in July 2009 he injured his right knee while he was playing handball. Plaintiff was incarcerated at the Missouri Eastern Correctional Center ("MECC") at that time. Defendant, Dr. John Williams was a physician at MECC, employed by Correctional Medical Care, Inc. Plaintiff alleged that defendant refused to give him proper treatment for his knee and that he became crippled as a result.

Plaintiff injured his right knee playing handball in the prison yard in late January or early February 2009. On February 15, 2009, plaintiff saw Dr. Douglas J. Keele, who, after examining plaintiff, ordered an X-ray examination and prescribed naproxen. Dr. Keele also instructed plaintiff to avoid sports and to have a follow-up appointment after the X-rays were completed. The X-rays came back negative for bony abnormality involving the right knee.

On April 22, 2009, plaintiff saw defendant Williams for knee pain and acne. Williams noted that plaintiff's X-rays were negative, and he noted a small effusion with some tenderness to the side of plaintiff's knee. Williams continued the naproxen and told plaintiff to follow up with Dr. Keele the following month.

Plaintiff saw Williams again on May 19, 2009, for right knee pain and swelling. Williams noted increased fluid in the joint cavity and limited flexion. The remainder

of the examination was without adverse filings. Williams obtained plaintiff's consent and performed an arthrocentesis, removing 45cc of straw colored fluid from plaintiff's right knee. Williams then injected the knee with Depo-Medrol, a steroid based medication used to treat severe inflammation. Williams also ordered plaintiff to continue the naproxen and to follow up in one month.

Plaintiff saw Williams again on June 8, 2009, for knee pain. Williams noted moderate effusion, no joint line tenderness, and normal range of motion. Williams ordered for plaintiff to be issued a knee sleeve, to continue the naproxen, and to follow up with Dr. Keele in one month.

Plaintiff submitted two medical request forms for his knee pain in early July 2009. On July 6, 2009, a nurse evaluated plaintiff and noted that his right knee was swollen. The nurse found that plaintiff's knee sleeve was too large and issued a smaller one.

Plaintiff submitted three medical service request forms from July 14 through July 21, 2009, relating to his knee pain.

Plaintiff saw Williams again on July 29, 2009, for knee pain. Plaintiff told Williams that his right knee popped when he walked, did not buckle or lock, and that he had been wearing his knee sleeve. Williams noted that plaintiff had point tenderness over the lateral collateral ligament, some looseness on valgus stress test, which is a test

performed on the knee to evaluate the integrity of specific ligaments of the knee, no effusion, and normal gait. Williams's assessment was of a suspected right lateral collateral ligament strain versus a lateral meniscus tear. Williams ordered for plaintiff to continue to wear the knee sleeve, to continue activity modification with no sports, to continue his exercises to strengthen his knee, and to follow up in sixty days.

Plaintiff saw Williams again on August 12, 2009, for knee pain. Plaintiff reported that he had been wearing the knee sleeve and had not been playing any sports. Plaintiff complained that the knee had been popping and that it hurt. Upon examination, Williams noted pain over the lateral joint that appeared less than previously, pain and looseness on the valgus stress test, and no effusion. Williams suspected that there was meniscal damage the knee, and he put in a request for an MRI of plaintiff's knee.

Dr. Conley, the Regional Medical Director for CMS, denied the MRI request and recommended an alternative treatment plan of physical therapy evaluation and treatment plan.

Plaintiff saw Williams again on September 9, 2009, for knee pain. Williams observed plaintiff to be wearing his knee sleeve and to have a normal gait. Plaintiff reported that he did not have any buckling or locking of the right knee. Upon examination, Williams noted no effusion, integrity of the ligaments inside the knee, and

point tenderness over the right lateral collateral ligament. Williams ordered plaintiff to continue the naproxen and submitted a referral request for a physical therapy consult, which was immediately approved.

Plaintiff saw Williams again on November 6, 2009, for knee pain. Plaintiff reported that he had pain to both sides of his right knee but no buckling or locking. Williams noted plaintiff's knee to be without effusion and that plaintiff's gait was normal. Williams ordered plaintiff to proceed with physical therapy and to continue his knee sleeve and knee exercises. Plaintiff refused to take naproxen.

Plaintiff was released from the Missouri Department of Corrections on November 17, 2009, after which Williams had no further involvement with plaintiff.

## Discussion

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). "'Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional

violation.'" Id. (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Cambreros v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

Defendant has introduced evidence showing that he responded to plaintiff's knee condition with various tests and treatments designed to heal the condition. Williams provided plaintiff with physical assessments and numerous follow up evaluations, naproxen, review of right knee X-ray, aspiration and injection with Depo-Medrol, a knee sleeve, education related to activity modification and exercises for the knee, referral request for an MRI, and a referral request for physical therapy. Plaintiff has not introduced any evidence demonstrating that Williams deliberately disregarded his knee condition. Even if Williams's treatment of plaintiff's condition was inadequate, plaintiff's allegations go to mere negligence and do not rise to the level of a constitutional violation. As a result, defendant is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Williams's motion for summary judgment [doc. #19] is **GRANTED**.

A separate Judgment will be filed with this Memorandum and Order.

Dated this   6th   day of September, 2011.

                                              /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE